UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY DANIEL HOIG,

                Petitioner,                          Case No. 11-cr-20781

v                                          Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

                Respondent.

_____/

## ORDER WITHDRAWING ORDER OF REFERENCE, GRANTING MOTION TO VACATE, AND SCHEDULING RESENTENCING HEARING

Gary Daniel Hoig was sentenced on February 14, 2013, to 180 months of imprisonment after pleading guilty to being a felon in possession of a firearm. ECF No. 38. His sentence was enhanced under the Armed Career Criminal Act (ACCA) because Hoig had three prior felony convictions that qualified as "violent felonies" under the ACCA's residual clause. On June 22, 2016, Hoig filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 44. In that motion, Hoig relied upon *Johnson v. United States*, where the Supreme Court held that the ACCA's residual clause was unconstitutional. 135 S. Ct. 2551 (2015). On November 18, 2016, Hoig filed another motion which renewed his request for relief under *Johnson*. ECF No. 57. Both those motions were referred to Magistrate Judge Patricia Morris. ECF No. 47, 58.

On February 23, 2017, the parties filed a stipulation on the docket explaining that Hoig was entitled to relief under *Johnson* and agreeing that his motions should be granted and a resentencing held. ECF No. 68. On the same day, Hoig filed a notice waiving his right to an updated presentence report and to appear in person at resentencing. ECF No. 69. Hoig requests that he be allowed to appear by phone or video if that is possible. Federal Rule of Criminal

Procedure 43(c)(1)(B) allows a defendant to waive his right to be present at sentencing. Thus, Hoig's waiver of that right will be accepted. Hoig's request to appear at the hearing via telephone will also be granted. In resentencing Hoig, the Court will take into account his post-conviction behavior. Because that information is, of course, not included in the original presentence report, the Probation Department will be directed to create an amended report.

Accordingly, it is **ORDERED** that the Orders of Reference, ECF No. 47, 58, are **WITHDRAWN**.

It is further **ORDERED** that Petitioner Hoig's motions to vacate, ECF No. 44, 57, are **GRANTED**.

It is further **ORDERED** that Petitioner Hoig's sentence is **VACATED**.

It is further **ORDERED** that this matter is **REFERRED** to the Probation Department to amend Petitioner Hoig's presentence investigation report, focusing on Hoig's post-conviction behavior.

It is further **ORDERED** that Petitioner Hoig's re-sentencing hearing is **SCHEDULED** for **May 3, 2017, at 4:00 p.m.**

It is further **ORDERED** that Petitioner Hoig shall remain in federal custody pending the resentencing hearing.

It is further **ORDERED** that Petitioner Hoig's request to appear at the resentencing hearing via telephone is **GRANTED.** The Warden of the federal correctional facility where Hoig is currently incarcerated is **DIRECTED** to cooperate with Hoig's counsel to ensure his telephonic presence at the hearing.

Dated: March 1, 2017                          s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on March 1, 2017.

                          s/Michael A. Sian
                          MICHAEL A. SIAN, Case Manager